**In the Matter of Cynthia BAUER.**

No. 98S00–8712–DI–1108.

Supreme Court of Indiana.

Oct. 5, 1994.

Cynthia Fender (Bauer), pro se.

Charles M. Kidd, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## PER CURIAM.

The Disciplinary Commission has charged Respondent Cynthia Bauer with several violations of the *Code of Professional Responsibility for Attorneys at Law*, arising out of her post-conviction representation of two individuals in 1984 and 1985.[1] This Court appointed a Hearing Officer pursuant to Ind.Admission and Discipline Rule 23(11), who, after full hearing, tendered to this Court his findings of fact and conclusions of law. The Hearing Officer found misconduct, but recommended "minimum sanction." Neither party petitioned this Court for review of the Hearing Officer's findings and conclusions, and this matter is now before us for final resolution.

Respondent was admitted to the Bar of this state on October 11, 1977, and is therefore subject to the disciplinary jurisdiction of this Court. In that neither party has sought review, we now adopt the findings of fact contained in the Hearing Officer's report, but reserve the right to evaluate the findings and reach a conclusion as to misconduct after a *de novo* examination of all matters submitted in this case. *In re Shaul* (1992), Ind., 592 N.E.2d 687; *In re Campbell* (1989), Ind., 546 N.E.2d 821. Accordingly, we now find that in 1984, Mark Bauer, then judge of the Newton Superior Court, appointed Respondent to act as judge *pro tempore* in two cases then pending in that court: *State vs. Tim McKee*, and *State vs. Theodore Scheidler*. At that time, Mark Bauer and Respondent were husband and wife. While acting as judge *pro tempore*, Respondent presided over the guilty plea acceptance and sentencing hearings in *McKee* and *Scheidler*. During the course of those hearings, Respondent questioned McKee and Scheidler about their understanding of their constitutional rights and voluntariness of pleas. After each hearing, Respondent issued an order accepting the defendant's plea and imposed sentence of an executed term of incarceration.

On February 4, 1985, Mark Bauer appointed attorney Patricia Engels to represent Scheidler and McKee *in forma pauperis* in post-conviction relief proceedings in the cases over which Respondent had presided. Mark Bauer apparently persuaded Engels to hire Respondent to do legal research on the post-conviction relief petitions Engels was to prepare in both cases. In fact, Mark Bauer prepared the post-conviction petitions in both cases. He told Engels he would approve her bill for payment for work done in connection with the petitions, and instructed Engels to remit a portion of the approved fee to Respondent. On February 7, 1985, Engels received the completed petitions, and filed them with the court. Mark Bauer granted the petitions. Newton County paid Engels for her services, and Engels in turn paid Respondent, with two checks, a total of $1,225.00. Respondent cashed both checks. As a result of these events, Respondent was charged with, and later pled guilty to, the crimes of theft, a Class D felony, and conversion, a Class A misdemeanor. On March 11, 1988, she was sentenced to thirty days incarceration in the Newton County Jail. The sentence was suspended.

We find that these facts clearly and convincingly establish that Respondent violated D.R. 1–102(A)(2) by circumventing a disciplinary rule through the actions of another; D.R. 1–102(A)(3) by engaging in illegal conduct involving moral turpitude; D.R. 1–102(A)(4) by engaging in conduct that involves dishonesty, fraud, deceit, and misrepresentation; D.R. 1–102(A)(5) by engaging in conduct prejudicial to the administration of justice; D.R. 1–102(A)(6) by engaging in conduct that reflects adversely on her fitness to practice law; D.R. 7–101(B)(2) by failing to refuse to participate in conduct she believed to be unlawful; D.R. 7–102(B)(2) by failing to reveal a fraud committed upon a tribunal; and D.R. 7–110(B) by communicating *ex parte* about the merits of the post-conviction

---

1. Because Respondent's alleged misconduct took place before the January 1, 1987 effective date of the *Rules of Professional Conduct for Attorneys at Law,* she was accordingly charged under the now-superseded *Code of Professional Responsibility.*

relief matters with the judge before whom the matters were to be filed.

It is now this Court's duty to assess an appropriate disciplinary sanction. In this regard, we note that this Court is not bound by the recommendations of the Hearing Officer. *In re Ortiz,* (1992), Ind., 604 N.E.2d 602. Although Respondent appears to have been entangled in a web of misconduct constructed in part by her former husband, she must bear responsibility for her own misconduct. By agreeing to do legal research that, in effect, analyzed her own conduct as judge *pro tempore,* Respondent placed herself in an impermissible situation. Further, she criminally accepted payment for work that she had not performed. Her actions reflect disregard for the administration of justice, as well as for the integrity of the judiciary.

In mitigation, the Hearing Officer noted that Respondent, during the time relevant here, suffered from a manic-depressive condition, and that she subsequently began receiving disability benefits from the Social Security Administration as a result of her mental condition. Respondent has not practiced law since approximately 1986. Although the record does not reflect whether Respondent is currently disabled, we are mindful that she has suffered from some degree of disability associated with her emotional state. However, this Court has a duty to safeguard the public from unfit lawyers, whatever the cause of the unfitness may be. *Campbell,* 546 N.E.2d 821; *In re Powell,* (1988), Ind., 526 N.E.2d 971.

Based on the above considerations, we conclude that a substantial period of suspension adequately addresses the severity of Respondent's misconduct, yet allows her to seek readmission within a reasonable period of time and upon proof of rehabilitation. It is, therefore, ordered that the Respondent, Cynthia Bauer, is hereby suspended from the practice of law for a period of not less than two (2) years, beginning October 5, 1994, at the conclusion of which she may petition this Court for reinstatement. Before she may be reinstated, Respondent must meet the conditions set out in Admis.Disc.R. 23(4), and demonstrate to this Court that she has over-

come any disability that negatively affects her fitness to practice law.

Costs of this proceeding are assessed against the Respondent.

DICKSON, J., not participating.